## STEPHENSON v. BARTLETT

[355 N.C. 281 (2002)]

| | | |
|---|---|---|
| ASHLEY STEPHENSON, INDIVIDUALLY, AND AS A RESIDENT AND REGISTERED VOTER OF BEAUFORT COUNTY, NORTH CAROLINA; LEO DAUGHTRY, INDIVIDUALLY, AND AS REPRESENTATIVE FOR THE 95TH DISTRICT, NORTH CAROLINA HOUSE OF REPRESENTATIVES; PATRICK BALLENTINE, INDIVIDUALLY, AND AS SENATOR FOR THE 4TH DISTRICT, NORTH CAROLINA SENATE; ART POPE, INDIVIDUALLY, AND AS REPRESENTATIVE FOR THE 61ST DISTRICT, NORTH CAROLINA HOUSE OF REPRESENTATIVES, AND BILL COBEY, INDIVIDUALLY, AND AS CHAIRMAN OF THE NORTH CAROLINA REPUBLICAN PARTY AND ON BEHALF OF THEMSELVES AND ALL OTHER PERSONS SIMILARLY SITUATED; PLAINTIFFS<br><br>v.<br><br>GARY BARTLETT, AS EXECUTIVE DIRECTOR OF THE STATE BOARD OF ELECTIONS; LARRY LEAKE, ROSE VAUGHN WILLIAMS, GENEVIEVE C. SIMS, LORRAINE G. SHINN, AND CHARLES WINFREE, AS MEMBERS OF THE STATE BOARD OF ELECTIONS; JAMES B. BLACK, AS SPEAKER OF THE NORTH CAROLINA HOUSE OF REPRESENTATIVES; MARC BASNIGHT, AS PRESIDENT PRO TEMPORE OF THE NORTH CAROLINA SENATE; MICHAEL EASLEY, AS GOVERNOR OF THE STATE OF NORTH CAROLINA; AND ROY COOPER, AS ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA; DEFENDANTS | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |

No. 94PA02

The trial court, by order entered in this case on 20 February 2002, concluded that the legislative redistricting plans enacted by the North Carolina General Assembly in November 2001 violate the North Carolina Constitution. On 5 March 2002, Defendants filed notice of appeal in this Court.

The principal legal question raised by the present case, arising under the North Carolina Constitution, is a matter of first impression

for this Court. Notwithstanding the Court's entry of an expedited scheduling order for resolution of this appeal, which provides for oral argument on 4 April 2002, the possibility exists that insufficient time will remain after proper resolution of this appeal by written decision for legislative primary elections, scheduled for 7 May 2002, to proceed in an orderly manner.

In light of the extraordinary nature of this case and the exigency of the circumstances for the legislative candidates and the citizens of this State, Defendants are hereby enjoined from conducting primary elections for the office of Senator in the North Carolina Senate and the office of Representative in the North Carolina House of Representatives, scheduled for 7 May 2002. Nothing in this order shall limit or preclude the North Carolina General Assembly, consistent with applicable law, from enacting legislation to reschedule primary elections for other offices now scheduled for 7 May 2002. This injunction shall remain in effect until further order of this Court.

By unanimous order of the Court in Conference, this 7th day of March, 2002.

I. Beverly Lake, Jr., C.J.
For the Court